# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATHANIEL PHILLIPS, | |
| Plaintiff, | Case No. 1:17-cv-08882 |
| v. | Honorable Ronald A. Guzman |
| DOVENMUEHLE MORTGAGE, INC. and NEIGHBORHOOD LENDING SERVICES, INC. | |
| Defendants. | |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the parties submit the following Joint Initial Status Report.

1.    **Nature of the Case**

 **A.** **Parties:**

**Majdi Y. Hijazin**, *Of Counsel*
**Ahmad T. Sulaiman**
**Mohammed O. Badwan**
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com
ahmad.sulaiman@sulaimanlaw.com
mbadwan@sulaimalaw.com
*Counsel for Plaintiff*

**Isaac J. Colunga**
**Kelsey N. Weyhing**
Ice Miller LLP
200 West Madison Street, Suite 3500
Chicago, IL 60606
Phone: (312) 726-7157
isaac.colunga@icemiller.com
kelsey.weyhing@icemiller.com
*Counsel for Dovenmuehle Mortgage, Inc.*

**Kenneth, K. Shaw, Jr.**
Kropik Papuga & Shaw
120 South LaSalle Street
Chicago, Illinois 60603
Phone: (312) 236-6405
Fax: (312) 236-8060
kshaw@kropik.net
*Counsel for Neighborhood Lending Services, Inc.*

 **B.** **Federal Jurisdiction:** Federal question jurisdiction is based on the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court has supplemental jurisdiction over the breach of contract and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") claims under 28 U.S.C. §1367.

1

C. **Claims asserted:** Plaintiff brings Counts I and II against Dovenmuehle Mortgage, Inc. ("DMI") and Neighborhood Lending Services, Inc. ("NLS") (collectively "Defendants") for breach of contract as to accounts ending in 9067 and 2996 (collectively "subject loans"). Plaintiff alleges that Defendants breached the loan modification contract by: (i). misapplying Plaintiff's principal, interest, and escrow payments; (ii). rejecting Plaintiff's payments; (iii) scheduling the subject property for a foreclosure sale in May 2012 when Plaintiff was contractually current with his monthly payments; (iv). treating the loans in "default" when Plaintiff was contractually current; (v). failing to honor the terms of the loan modification; (vi). assessing and collecting unauthorized fees and costs, including "default" and foreclosure related fees after the effective date of the loan modification; (vii). failing to provide Plaintiff accurate account information or accurately respond to Plaintiff's correspondence and other disputes; and (viii). failing to conduct its affairs in good faith.

DMI denies that it can be held liable for breach of contract as it never entered into an agreement with Plaintiff, nor was DMI ever in contractual privity with Plaintiff. DMI expects the evidence to show, also, that Plaintiff routinely defaulted on his loans, that DMI properly serviced Plaintiff's loans and that NLS proceeded pursuant to its rights under the mortgage documents that Plaintiff signed.

Plaintiff brings Count III against Defendants for violations of RESPA, pursuant to 12 U.S.C. §§ 2605(e)(2) & (k) and 12 C.F.R. § 1024.35(e). Plaintiff alleges that with respect to the February 10, 2017 Notice of Error ("NOE"), Defendants failed to (a) make corrections to account 9067; (b) conduct a reasonable investigation; and (c) respond to Plaintiff in one of the three methods allowed under 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.35(e)(3). With reference to Plaintiff's Request for Information ("RFI"), requesting the identity of the owner of the mortgage loan account 9067, Defendants failed to respond to Plaintiff's request within 10 business days, in violation of 12 U.S.C. § 2605(k). With reference to Plaintiff's request for a payoff statement on

account 9067, Defendants failed to provide an accurate statement of the total outstanding balance within seven business days of receipt of request, in violation of 12 C.F.R. § 1026.36(c)(3).

DMI expects the evidence to show that it responded within the statutory time periods to all NOE's and RFI's that it received from Plaintiff or his lawyers. Despite Plaintiff's lawyers bombarding DMI with letters and RFIs, DMI properly responded to all of them pursuant to the statutory guidelines.

Plaintiff brings Count IV against Defendants for violations of the TCPA, pursuant to 47 U.S.C. 227 et seq. Plaintiff alleges that DMI placed collection calls to Plaintiff's cellular phone using an automated telephone dialing system ("ATDS") without his consent. Plaintiff contends that any consent that Plaintiff *may* have granted to DMI to call his cellular phone using an ATDS was explicitly revoked by his demands to cease calling.

According to the applicable FCC's Regulations, Plaintiff unquestionably consented to receive autodialed calls regarding his loan to the number that he provided. DMI further expects the evidence to show that Plaintiff never revoked that consent. Whether DMI used an ATDS to call Plaintiff is still being investigated.

Plaintiff brings Count V against Defendants for alleged violations of ICFA, 815 ILCS 505/2. Plaintiff contends that Defendants engaged in unfair acts and omissions by failing to acknowledge the loan modifications and by place numerous calls to Plaintiff's cellular telephone notwithstanding Plaintiff's repeated demands that it stop doing so. DMI expects the evidence to show that there is no basis for an ICFA claim.

D. **Service:** All parties have been served and are represented by counsel.

E. **Legal Issues:** Plaintiff states that the major legal issues are: (1) whether the Defendants breached the loan medication contract; (2) whether the Defendants failed to comply with RESPA after receiving Plaintiff's NOEs and RFIs; (3) whether DMI utilized an ATDS to place calls to Plaintiff's cellular phone without Plaintiff's consent; (4) whether Defendants

3

engaged in unfair acts and omissions in violation of ICFA; and (5) whether NLS is bound by any unauthorized or illegal actions of DMI. DMI states that other major legal issues are: (1) whether DMI can be held liable for breach of contract when it was not a party to the contracts that Plaintiff is invoking and when it was not in contractual privity with Plaintiff; (2) whether Plaintiff revoked consent to receive calls.

F.    **Factual Issues:** On February 2, 2018, DMI filed a motion to dismiss Counts I, II, III, & V. DMI answered Count IV, the TCPA count. Factual issues related to the TCPA count included whether DMI had consent to call Plaintiff on his cellular phone, and if so, whether such consent was revoked. Factual issues also include whether DMI used an autodialer to call Plaintiff on his cellular phone. NLS joined DMI's motion to dismiss Counts III and V and answered the remaining counts I, II, and IV. Factual issues related to these counts are whether any of NLS's conduct constitutes breaches of the contracts related to the subject loans and whether DMI, on behalf of NLS, had consent to call Plaintiff on his cellular phone, and if so, whether such consent was revoked. Factual issues also include whether DMI, on NLS's behalf, used an autodialer to call Plaintiff on his cellular phone. Factual issues also include (1) whether NLS had entered into any loan modification agreement prior to February 4, 2013, (2) whether any violations alleged to have occurred prior to the entry of the judgment of foreclosure on November 29, 2012 were resolved by the entry of said judgment, (3) whether any violations alleged to have occurred prior to the forbearance agreement executed by NLS on February 4, 2013 were waived or settled by the execution of said forbearance agreement, (4) whether Plaintiff suffered recoverable damages as a result of the alleged breach of contract and other violations alleged in the complaint.

G.    **Jury Demand:** Plaintiff has demanded a jury trial.

H.    **Proposed Discovery Plan:**

i.    The Parties anticipate both written and oral discovery. At this point no discovery has been exchanged.

       **ii.**      Parties to exchange Rule 26(a)(1) disclosures by February 21, 2018.

       **iii.**     Parties to issue written discovery by March 16, 2018.

       **iv.**     Parties propose that fact discovery be completed by August 2, 2018.

       **v.**     Plaintiff anticipates that expert discovery may be needed with respect to Plaintiff's claims. The Parties request a status conference at or near the close of fact discovery to inform the court whether expert discovery will be needed.  DMI does not expect for expert discovery to be necessary.

       **I.**     **Trial:** The Parties should be ready to proceed to trial by January 22, 2019**.**

       **J.**     **Magistrate Judge:** The parties consent to proceeding before the magistrate judge.

       **K.**     **Settlement:** The parties have yet to engage in settlement discussions.  DMI has contacted Plaintiff regarding an initial demand, and Plaintiff has stated that he is willing to provide an initial demand so that the parties can hopefully engage in settlement discussions.

       **L.**     **Settlement Conference:** The Parties will consider participating in a settlement conference once written discovery is exchanged.

Dated: February 5, 2018

<table>
<tr>
<td>

<u>*s/ Majdi Y. Hijazin*</u>
Majdi Y. Hijazin, *Of Counsel*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com
*Counsel for Plaintiff*

</td>
<td>

**Isaac J. Colunga**
**Kelsey N. Weyhing**
Ice Miller LLP
200 West Madison Street, Suite 3500
Chicago, IL 60606
Phone: (312) 726-7157
isaac.colunga@icemiller.com
kelsey.weyhing@icemiller.com
*Counsel for Dovenmuehle Mortgage, Inc.*

**Kenneth, K. Shaw, Jr.**
Kropik Papuga & Shaw
120 South LaSalle Street
Chicago, Illinois 60603
Phone: (312) 236-6405
Fax: (312) 236-8060
kropik@kropik.net
*Counsel for Neighborhood Lending Services, Inc.*

</td>
</tr>
</table>